653 So.2d 178 (1995)
Ruby THEUS, Plaintiff-Appellee
v.
SCHUMPERT MEDICAL CENTER, Defendant-Appellant.
No. 25750-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1995.
Rehearing Denied May 4, 1995.
*179 Mayer, Smith & Roberts by John C. Turnage, Shreveport, for appellant.
Ruby E. Theus, in pro. per.
Before LINDSAY and HIGHTOWER, JJ., and PRICE, J. Pro Tem.
LINDSAY, Judge.
The defendant, Schumpert Medical Center, appealed from a ruling by a worker's compensation hearing officer granting worker's compensation benefits to the plaintiff, Ruby E. Theus. On original appeal by the defendant, this court reversed the judgment below, finding that certain medical reports upon which the worker's compensation hearing officer relied, were not admissible in evidence. Based upon the admissible medical evidence, this court found the trial court was clearly wrong in awarding benefits. The Louisiana Supreme Court granted writs and summarily reversed and remanded the case, ordering that we must consider the excluded evidence. Having considered the excluded evidence, as ordered by our high court, we now affirm the judgment of the worker's compensation hearing officer.

FACTS
The facts of the case are fully set forth in our original opinion. See Theus v. Schumpert Medical Center, 25,750 (La.App.2d Cir. 5/4/94), 637 So.2d 631. Briefly stated, however, the record reveals that in October of 1990, plaintiff, while at work, injured her ankle. She was examined and treated by Dr. A.E. *180 Dean, an orthopedic surgeon. Dr. Dean diagnosed plaintiff's injury as a sprained ankle and determined that the plaintiff would be able to return to work in a few weeks.
The plaintiff was subsequently referred to another orthopedic surgeon, Dr. James Lillich. Dr. Lillich also found that the plaintiff suffered only a sprained ankle in this accident and would be able to return to work after her ankle healed. Dr. Lillich released the plaintiff to return to work on April 2, 1991. Plaintiff's ability to return to work at Schumpert, as well as her ability to perform numerous other light duty jobs, was outlined and confirmed by a qualified vocational rehabilitation specialist. Accordingly, benefits, the payment of which had begun on October 31, 1990, were terminated on April 2, 1991, when the plaintiff was released to return to work by Dr. Lillich.
The plaintiff then filed suit to obtain a continuation of benefits, arguing that she was still disabled as a result of the accident and could not return to her job at the Schumpert Child Development Center. In support of her claims, the plaintiff presented several reports by Dr. Christopher Burda, a rheumatologist, who diagnosed plaintiff as being disabled and suffering from fibromyalgia. Dr. Burda's reports stated that the fibromyalgia was triggered by the sprained ankle and caused the pain she was experiencing in her entire body.
Although specifically being contrary to the opinions of Doctors Dean and Lillich, as well as that of the vocational rehabilitation specialist who evaluated the plaintiff, the worker's compensation hearing officer found that plaintiff continues to suffer from a disability. He found that, according to Dr. Burda, the ankle injury "made symptomatic claimant's condition of fibromyalgia and myofascial pain syndrome that now appears in several areas of her body." The hearing officer also found the plaintiff to be credible in her claims of pain throughout her body which appeared after the occurrence of the present ankle injury. The hearing officer stated that under the worker's compensation law, "compensability can be found in the situation where the symptoms first appeared after the accident and the accident could legitimately be the cause of the symptoms."
Accordingly, the worker's compensation hearing officer signed a judgment ordering the payment of supplemental earnings benefits from April 3, 1991, until her ability to return to work could be determined. The hearing officer also ordered a functional capacity test for the plaintiff and ordered the defendant to provide for rehabilitation services.
Finally, the hearing officer found that the defendant was to pay all the plaintiff's medical expenses resulting from her work related injury. The hearing officer denied the plaintiff's claim for legal fees under LSA-R.S. 23:1121. The defendant suspensively appealed.

ENTITLEMENT TO BENEFITS
The defendant argues that the hearing officer erred in finding that the plaintiff still suffers a compensable disability and that she is entitled to supplemental earnings benefits and additional medical expenses. Because we have now considered Dr. Burda's reports in our evaluation of this case, we find this argument to be meritless.
To qualify for supplemental earnings benefits under LSA-R.S. 23:1221(3)(a), a plaintiff is required to prove by a preponderance of the evidence that a work related injury resulted in the inability to earn 90% or more of the pre-injury wages. Clark v. Atlantic Painting Company, 521 So.2d 505 (La. App. 4th 1988); Britton v. Morton Thiokol, Inc., 604 So.2d 130 (La.App. 2d Cir.1992); Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991).
As stated earlier, Dr. Dean and Dr. Lillich, orthopedic surgeons who treated the plaintiff, found that as a result of the accident, the plaintiff suffered only a sprained ankle. After a few months, the ankle was healed and the plaintiff was sufficiently recovered to return to work at the day care center.
Contrary to these reports and opinions regarding the plaintiff's condition, Dr. Burda reported that the plaintiff continues to be disabled and that the disability was caused by the work related accident in October, *181 1990. In his medical report of June 2, 1992, Dr. Burda stated that the plaintiff's condition of traumatic fibromyalgia and myofascial pain syndrome resulted from plaintiff's on-the-job accident in October, 1990, and that these conditions had not resolved. Dr. Burda stated that these conditions were chronic and non-curable. It was Dr. Burda's opinion that the plaintiff's condition could only be temporarily alleviated by physical therapy and periodic visits to a physician for non-steroidal anti-inflammatory agents and hypnotics. Dr. Burda stated that plaintiff's condition is not amenable to surgery and the plaintiff has a 10-15% permanent partial disability, with her activities limited to self-care duties only, but no gainful activity. The defendant elected not to depose and cross-examine Dr. Burda.
A trial court's findings of fact may not be set aside on appeal in the absence of manifest error or clear wrongness. Where there is conflict in testimony, reasonable inferences of fact should not be disturbed on review. When a trial court's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Although LSA-R.S. 23:1310.5, in providing for appeal of hearing officer cases to the courts of appeal, fails to set forth the yardstick of review, we have held that the standard should be identical to that applied to district court decisions. Britton v. Morton Thiokol, Inc., supra.
In this case, the workers' compensation hearing officer heard the testimony of the plaintiff and the other witnesses and considered the medical evidence. The hearing officer found the plaintiff to be credible. Further, the plaintiff exhibited no symptoms of fibromyalgia prior to this accident, but did manifest such symptoms afterward. A claimant's disability is presumed to have resulted from an accident if, before the accident the claimant was in good health but, commencing with the accident, the symptoms of the disabling condition appear and continuously thereafter manifest themselves, providing either that there is sufficient medical evidence to show there is a reasonable possibility of a causal connection between the accident and the disabling condition or that the nature of the accident, when combined with the facts of the case, raises a natural inference through human experience that such a causal connection exists. Lubom v. L.J. Earnest, Inc., supra.
If this court were evaluating the testimony and evidence in this case in the first instance, as the trier of fact, we might arrive at a different result. However, the workers' compensation hearing officer's findings are based upon medical evidence now in the record, are not manifestly erroneous and will not be overturned by this court.
Therefore, because there is a conflict in the testimony in this case and because the hearing officer made a reasonable inference of fact, based upon the opinion of Dr. Burda and rejecting the medical opinions of the other witnesses, and because the plaintiff had no symptoms of fibromyalgia prior to this accident, we find that the plaintiff has established that she is disabled as a result of her accident. Further, as a result of her injury she is unable to earn 90 percent or more of her pre-injury wages. We affirm the hearing officer's finding that the plaintiff is disabled and is entitled to supplemental earnings benefits.

CONCLUSION
For the reasons stated above, we affirm the decision of the workers' compensation hearing officer, finding that the plaintiff, Ruby E. Theus, is entitled to supplemental earnings benefits and medical expenses beyond those already paid by the defendant, Schumpert Medical Center. Costs are assessed to the defendant.
AFFIRMED.
HIGHTOWER, J., dissents, assigning written reasons.
HIGHTOWER, Judge, dissenting.
I respectfully dissent. Dr. Burda's letter of June 2, 1992, addressed to plaintiff's attorney, fails to respond directly to the issue of whether asprained ankle, as diagnosed by the two treating orthopedic surgeons, caused the systemic disease found by the rheumatologist.

*182 APPLICATION FOR REHEARING
Before SEXTON, LINDSAY, HIGHTOWER and BROWN, JJ. and PRICE, J. Pro Tem.
Rehearing denied.