665 So.2d 657 (1995)
Steven KNOTTS, Plaintiff-Appellant,
v.
SNELLING TEMPORARIES, Defendant-Appellee.
No. 27773-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*658 Steven Knotts, Shreveport, In Proper Person.
Lunn, Irion, Johnson, Salley & Carlisle by Walter S. Salley, Shreveport, for Appellee.
Before WILLIAMS, J., and PRICE and CLARK, JJ. Pro Tem.
WILLIAMS, Judge.
In this worker's compensation action, claimant Steven Knotts, appearing in proper person, appeals a judgment awarding him only four weeks of temporary total disability benefits. Defendants, Snelling Temporaries (Snelling) and its insurer, Cigna Insurance Company, filed an answer to the appeal, praying that the judgment be reversed. For the following reasons, we affirm.

FACTS
Steven Knotts secured employment with Snelling and was placed in a job at the General Electric (GE) transformer plant in Shreveport. Several months later, on January 17, 1992, he and a GE employee were assigned to work with a sheet blaster. The job required one person to load metal parts into the machine and another person to stack the parts as they came off of a conveyer belt. Knotts testified that as he stacked a steel transformer door, his back gave out. According to Knotts, he reported the injury to his co-worker and supervisor. However, they both testified at trial that he did not tell them that he had hurt his back. According to Knotts, the supervisor told him to go back to work or he would be fired. Knotts finished his shift that night, but did not return to GE for work the next week. On January 23, 1992, he reported the injury to a GE nurse and to Snelling. Knotts testified that he worked for Semon Machine Company (Semon) as a welder at various times in February, March and May 1992, but has not worked since that time because of his back pain.
Knotts was initially treated by Dr. Randall Lord, a chiropractor, who performed rehabilitative care for back pain. Dr. Lord opined that Knotts would reach maximum medical improvement in mid-March 1992. Knotts sought weekly treatment at the Jewella Chiropractic *659 Clinic between January 1992 and June 1993.
On February 28, 1992, Dr. James Lillich, an orthopedic specialist, diagnosed Knotts as having an acute lumbar strain. An MRI performed in November 1992, showed that Knotts had diffuse congenital spinal stenosis with no obvious disc herniation. Dr. Don Joffrion examined Knotts and opined that he exhibited lumbar spine syndrome and recommended ergometric testing. Dr. Phillip Osborne conducted the tests, evaluated Knotts for disability and found zero percent impairment.
An August 1993 MRI indicated that Knotts had two slightly bulging discs with no herniation. In October 1993, Dr. Warren Long, a neurosurgeon, reviewed the MRI, examined Knotts and prescribed a lumbar sacral corset and conservative treatment. Knotts also sought treatment at LSU Medical Center from February 1992 to June 1994. His treatment there included physical therapy and epidural injections for chronic low back pain.
The worker's compensation hearing officer found that Knotts sustained a work-related injury on January 17, 1992, while employed as a Snelling temporary worker at the GE plant. The hearing officer ruled that Knotts was entitled to temporary total disability benefits from January 17, 1992 to February 15, 1992, and ordered defendants to pay all related medical expenses. Knotts appealed the hearing officer's judgment. The defendants have answered the appeal, seeking reversal of the judgment.

DISCUSSION

Temporary Total Disability Benefits
Knotts argues that the hearing officer erred in awarding him only four weeks of temporary total disability benefits. He contends that he is unable to work because of his back pain and that the hearing officer wrongfully penalized him for trying to work as a welder in 1992.
Compensation benefits are available for an employee who suffers an injury that produces a temporary total disability to engage in any self-employment or occupation for wages. Compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment. LSA-R.S. 23:1221(1). The provisions of Sec. 1221(1)(c) requiring proof by clear and convincing evidence were enacted in 1989 and apply to compensable injuries occurring after January 1, 1990. Green v. ConAgra Broiler Co., 26,599 (La.App.2d Cir. 3/1/95), 651 So.2d 335; Tanner v. International Maintenance Corp., 602 So.2d 1133 (La. App. 1st Cir.1992). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La.1976); Green v. ConAgra Broiler Co., supra.
An appellate court may not set aside a hearing officer's findings of fact in the absence of manifest error or unless they are clearly wrong. Key v. Insurance Co. of North America, 605 So.2d 675 (La.App.2d Cir.1992). Where there is conflict in testimony, reasonable inferences of fact should not be disturbed on review. When a trial court's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Rosell v. ESCO, 549 So.2d 840 (La.1989); Theus v. Schumpert Medical Center, 25,750 (La.App.2d Cir. 4/5/95), 653 So.2d 178.
In this case, Knotts testified that he is unable to work because he could not remain in a sitting or standing position for more than thirty minutes without extreme pain. He stated that he felt less pain while reclining at an angle. When defense counsel asked if he could perform a telemarketing job if provided with a recliner chair, Knotts answered that he did not know. He testified that he had worked at Semon only sporadically between February and May 1992, and stopped because his back hurt too much. Knotts also stated that he had not looked for any jobs since 1992 because of his back pain.
*660 The record contains medical evidence regarding Knott's physical ability to work. Dr. Randall Lord, a chiropractor, initially treated Knotts after the accident. Dr. Lord examined Knotts and found a reduced range of motion in the cervical and lumbar spine. Dr. Lord's diagnosis was that Knotts had a lumbar strain. Dr. Lord reported that Knotts would require six to eight weeks from the January 23, 1992 office visit to achieve maximum medical improvement and that no impairment was expected. In a July 29, 1992 report, Dr. Lord did not mention a continued disability preventing Knotts from returning to work.
Other doctors also examined Knotts. On February 28, 1992, Dr. James Lillich diagnosed Knotts as having acute lumbar strain. Dr. Phillip Osborne evaluated Knotts for disability in November 1992 and administered several tests. Dr. Osborne concluded that Knotts did not exhibit an impairment at that time. Dr. Warren Long, a neurological surgeon, did not make a recommendation concerning Knotts' ability to return to work.
Based on the above evidence and Knotts' testimony, the hearing officer ruled that he had proved his entitlement to temporary total disability benefits from the date of the accident until he returned to work for another employer, Semon. Knotts asserts in brief that the hearing officer mistakenly believed that he was working full-time at Semon. However, in her written reasons for judgment, the hearing officer clearly states her understanding that Knotts worked for Semon in February, March and May 1992, doing welding piece-work. The hearing officer specifically found that the evidence presented at trial did not support Knotts' contention that he continued to be disabled because of his work-related injury after he began working for Semon in February 1992. We agree. Other than his own testimony, there is no evidence of a continuing disability that rendered Knotts physically unable to engage in any type of employment after February 15, 1992. To the contrary, exhibits introduced into evidence show that Knotts earned $2,814.00 as a welder for Semon. After reviewing the record, we cannot say that the hearing officer was clearly wrong in only awarding Knotts temporary total disability benefits from January 17, 1992 to February 15, 1992. Therefore, this assignment of error lacks merit.

Medical Expenses
Knotts contends that the defendants should pay for an unbiased doctor to evaluate him and to determine whether he should undergo back surgery. He also asserts that he has been unable to obtain necessary pain medication due to defendants' refusal to pay his medical bills.
An employer is obligated to furnish all necessary medical expenses related to a work injury. LSA-R.S. 23:1203; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La. App.2d Cir.1991). A claimant may recover medical expenses that are reasonably necessary for treatment of a medical condition caused by a work-related injury. Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App.2d Cir.), writ denied, 605 So.2d 1366 (La.1992). Under R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. A claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the claimant. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App.2d Cir.1989), writ denied, 559 So.2d 124 (La.1990); Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985).
An appellate court may not set aside a hearing officer's findings of fact in the absence of manifest error or unless they are clearly wrong. Key v. Insurance Co. of North America, 605 So.2d 675 (La.App.2d Cir.1992). Where there is conflict in testimony, reasonable inferences of fact should not be disturbed on review. When a trial court's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Rosell v. ESCO, 549 So.2d 840 (La.1989); Theus v. Schumpert Medical Center, 25,750 (La.App.2d Cir. 4/5/95), 653 So.2d 178.
In this case, the hearing officer found that Knotts sustained a work injury on January 17, 1992, and ordered defendants to pay all medical expenses related to the treatment *661 of his back injury. These expenses include treatment by LSU Medical Center, Dr. James Lillich, Dr. Warren Long and Dr. Randall Lord. The hearing officer did not award future medical expenses and was not in error. An employer's liability for medical expenses arises only as those expenses are incurred. Knotts is not entitled to an award of future medical expenses, but he may make a claim for any subsequent medical expense reasonably necessary for the treatment of his work-related back injury. We cannot say that the hearing officer was clearly wrong in awarding payment of only those medical expenses admitted into evidence at the trial of this matter. Therefore, this assignment of error lacks merit.
Defendants filed an answer to this appeal contending that they were aggrieved by the hearing officer's finding that Knotts was injured in a work-related accident. Defendants also allege that they were aggrieved by the finding that medical expenses incurred by Knotts resulted from a work accident. However, defendants did not address these issues in their brief. Assignments of error neither briefed nor argued are deemed abandoned. URCA Rules 2-12.4 & 2-12.5.

CONCLUSION
For the foregoing reasons, we affirm the hearing officer's judgment finding that the claimant sustained a work-related injury, ordering defendants to pay the medical expenses included in the record and awarding claimant temporary total disability benefits. Costs of this appeal are assessed to the appellee, Snelling Temporaries.
AFFIRMED.