974 So.2d 784 (2008)
Sharon BROWN, Plaintiff-Appellant,
v.
KTBS, INC. and CNA Insurance Companies, Defendants-Appellees.
No. 42,847-WCA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
Opinion on Rehearing February 7, 2008.
Alex S. Lyons, for Appellant.
Mayer, Smith & Roberts, LLP by Kim P. Thomas, Shreveport, for Appellees.
Before BROWN, STEWART, and CARAWAY, JJ. BROWN, STEWART, CARAWAY, MOORE, and LOLLEY, JJ.
BROWN, Chief Judge.
On November 17, 2000, claimant, Sharon Brown, while in the course and scope of her employment with defendant, KTBS, Inc., was involved in a work-related accident which aggravated her pre-existing cerebral palsy. Claimant filed a workers' compensation claim and is currently receiving workers' compensation indemnity and medical benefits under a judgment dated October 14, 2002.
On March 10, 2003, while undergoing physical therapy, claimant fell and reinjured herself and since that accident, she has relied almost exclusively on a manual wheelchair to get around. Since October 2004, claimant's treating physicians, Dr. Steve Atchison and Dr. Marion Milstead, have recommended that she use a "power assist" wheelchair.
Claimant filed a disputed claim for compensation on March 16, 2006, alleging defendants' failure to authorize or pay for the wheelchair prescribed by Dr. Atchison. After this claim was filed, defendants stipulated that the power wheelchair was reasonably and medically necessary, but insisted that the device be purchased from defendants' vendor of choice. Claimant wanted to use a local vendor that she had experience with and who would customize the chair to claimant's needs. This local vendor testified at the hearing that his charge would be within the fee schedule and would include any necessary repairs and maintenance. Defendants did not tender a power chair from their out-of-town vendor. The judgment of the workers' compensation judge ("WCJ") was rendered on April 30, 2007. The WCJ awarded penalties and attorney fees to claimant for defendants' failure to initially provide the prescribed wheelchair and noted that even after trial defendants had not furnished the prescribed wheelchair. The WCJ then found that although claimant was entitled to the wheelchair, defendants rather than claimant got to choose the vendor.
*786 The sole issue raised by claimant on appeal is whether the WCJ erred in finding that defendants rather than claimant have the right to choose the vendor of her wheelchair. For the reasons set forth below, we amend the judgment of the WCJ, and as amended, affirm.

Discussion
An employer must furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the state as legal. La. R.S. 23:1203(A); Pardee v. Forest Haven Nursing Home, 42,321 (La.App.2d Cir.06/20/07), 960 So.2d 1216; Collins v. Patterson Drilling, 39,668 (La.App.2d Cir.05/11/05), 902 So.2d 1264. A claimant may recover medical expenses that are reasonably necessary for treatment of a medical condition caused by a work-related injury. Pardee, supra; Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/06/95), 665 So.2d 657.
Subsection (B) of La. R.S. 23:1203 provides that the employer's obligation to furnish necessary care, services, treatment, drugs, and supplies is limited to the reimbursement of the actual cost or the usual and customary charges as set forth in a reimbursement schedule published annually pursuant to La. R.S. 23:1034.2, whichever is less. (Emphasis added). Under La. R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. Knotts, supra.
La. R.S. 23:1203 does not address the issue of which party has the right to choose a vendor for a reasonable and necessary medical device, unlike La. R.S. 23:1226, which specifically gives an employer the right to select a vocational counselor, or La. R.S. 23:1121, which provides a claimant with the right to select a treating physician. As noted above, La. R.S. 23:1203 does set forth the obligation of an employer to a claimant, which is simply that of reimbursement of the lesser of the amount provided by the fee schedule or the actual amount paid for a recommended medical device. To "reimburse" means to pay back money spent, to repay or compensate a person for expenses, damages, or losses. Webster's New World Dictionary (Third College Edition 1994). As noted by this court in Knotts, supra, an employer is only liable for medical expenses once they are incurred.
We again note that defendants only recognized their responsibility to provide the power chair after a disputed claim was filed, they have yet to provide such a wheelchair. In fact, defendants were taxed with penalties and attorney fees for their obstinacy. Obviously, claimant could have purchased the wheelchair, and defendants would have been obligated to reimburse the cost. What is contemplated by the legislature is that a claimant will incur expenses for necessary drugs, supplies, care, services, or, as in this case, a medical device, then obtain reimbursement from his or her employer. Under the circumstances of this case, claimant clearly has the right to choose the providers of the necessary drugs, supplies, services, etc., and defendants are protected by: (1) the requirement that said drugs, supplies, services, etc., be necessary and (2) the cost limit established La. R.S. 23:1203(B).
In the instant case, if claimant is able to obtain the wheelchair from her vendor of choice at a price within the fee schedule, she may do so. Or, should the cost of the wheelchair from her vendor of choice exceed the price set forth in the fee schedule, claimant nonetheless can choose to purchase her wheelchair from that vendor, but her reimbursement from defendants will be limited to the amount set forth in the *787 fee schedule. The WCJ erred in holding otherwise.

Conclusion
For the reasons set forth above, the judgment of the WCJ is amended in the above respect, and as amended, affirmed. Costs of this appeal are assessed to defendants, KTBS, Inc., and CNA Insurance Company.

ON REHEARING
PER CURIAM.
The obligation of the employer and insurer to guarantee payment of necessary drugs, supplies, services, etc., has not been overruled by amendments to the Workers' Compensation Act. Thomas v. Highlands Insurance Company, 92-2177 (04/12/93), 617 So.2d 877 (La.1993).
Thus, we amend our ruling to add:
IT IS ORDERED, ADJUDGED AND DECREED that defendants, KTBS, Inc., and CNA Insurance Companies, issue a guarantee of payment to plaintiffs choice of vendor for the wheelchair within ten days of this opinion. All costs are assessed to defendants.