McCLENDON, J.,
concurs in part, dissents in part, and assigns reasons.
| While I agree with the majority’s conclusion that the defendants are liable in solido for the costs of the lower back surgery and for the costs of the proceedings, I must disagree with the majority wherein they state that the judgment was merely an acknowledgement that Mr. Jones was entitled to medical treatment related to future surgery and recovery. The judg *584 ment specifically “assessed the costs of the low back fusion/surgery, plus all reasonable and necessary medical expenses related to that surgery and recovery there from.”
An employer is obligated to furnish all necessary medical expenses related to a work injury. LSA-R.S. 23:1208. However, under LSA-R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. A claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the claimant. Knotts v. Snelling Temporaries, 27,773 (La.App. 2 Cir. 12/6/95) 665 So.2d 657, 660. See also Wilson v. Ebasco Services, Inc., 393 So.2d 1248,1253 (La.1981).
|2To the extent the judgment as written actually assessed future medical costs, I respectfully dissent in part.