LOLLEY, J.
| T Louis J. Bradford, appearing pro se, appeals a judgment from the Office of Workers’ Compensation, District 1W, Parish of Webster, State of Louisiana (“OWC”), in favor of the Webster Parish Police Jury. For the following reasons, we affirm the OWC’s judgment.
Facts
On December 9, 2011, while employed as a driver with the Webster Parish Police Jury (“WPPJ”), Bradford suffered a com-pensable work-related accident when a buzzard flew into the windshield of a vehicle he was driving and shattered pieces of glass into both of his eyes. Bradford was immediately taken to the Minden Medical Center where he received treatment for his injuries. Following his initial treatment with the Minden Medical Center, Bradford was examined by Dr. James Swearingen, who prescribed Alrex and Be-preve. Both medications were approved and paid for by the WPPJ’s insurer, the Louisiana Commerce and Trade Association Self Insurers Fund (“LCTA”).
Thereafter, Bradford became displeased with the care Dr. Swearingen was providing, and on March 6, 2012, he contacted the LCTA and requested to transfer his medical treatment to another eye physician, Dr. Bruce Henderson. Bradford completed the necessary form and confirmed this change with the WPPJ. Eventually, on March 28, 2012, Bradford was examined by Dr. Henderson, who prescribed an Ocudox kit. The Ocudox kit was approved and paid for by the LCTA on April 9, 2012.
In May 2012, and subsequent to his visit with Dr. Henderson, Bradford requested refills of the two medications prescribed by Dr. Swearingen. However, Bradford’s request was denied by the LCTA since |2his medical treatment had been transferred to Dr. Henderson, a new treating physician, who did not renew or prescribe Alrex and Bepreve.
As a result, Bradford filed a Disputed Claim for Compensation (Form 1008) against the WPPJ and the LCTA seeking approval for the refills of Alrex and Be-preve. In this same claim, Bradford also alleged that he was entitled to benefits stemming from an occupational disease. Following a bench trial, the workers’ compensation judge (“WCJ”) rendered judg *41 ment in favor of the WPPJ finding that Bradford failed to prove by a preponderance of the evidence that the medications prescribed by Dr. Swearingen were reasonably necessary as required by La. R.S. 23:1203. In particular, the WCJ noted that although Dr. Swearingen initially prescribed the medications, Bradford subsequently selected Dr. Henderson as his treating physician. Dr. Henderson did not prescribe Alrex or Bepreve, nor did his records indicate that Bradford should continue taking the medications. The WCJ also considered the fact that Bradford consulted a third physician who did not renew or prescribe Alrex or Bepreve.
In addition, the WCJ rejected Bradford’s claim for benefits for an occupational disease. More specifically, the WCJ explained that Bradford’s injury was not the result of an occupational disease; rather, it was the result of a work-related accident, which would likewise fall under the Workers’ Compensation Act. It is from this judgment that Bradford appeals.
| ^Discussion
On appeal, Bradford challenges the WCJ’s judgment denying the refills of medication prescribed by Dr. Swearingen. Bradford also alleges that the WCJ erred in failing to award benefits for an occupational disease.
Factual findings in workers’ compensation matters are subject to the manifest error or clearly wrong standard of appellate review. Johnson v. T & J Hauling Co., 46,853 (La.App.2d Cir.01/25/12), 86 So.3d 1, writ denied, 2012-0657 (La.04/20/12), 85 So.3d 1276. In applying the manifest error or clearly wrong standard, the court must determine not whether the trier of fact was wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State through Dep’t. of Trans. & Dev., 617 So.2d 880 (La.1993). Whether the claimant has carried her burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ. Taylor v. Hollywood Casino, 41,196 (La.App.2d Cir.06/28/06), 935 So.2d 293. The manifest error standard applies even when the WCJ’s decision is based upon written reports, records or depositions. Alexander v. Brookshire Grocery Co., 42,855 (La.App.2d Cir.01/09/08), 975 So.2d 100, writ denied, 2008-0503 (La.04/25/08), 978 So.2d 367.

Medical Expenses

It is well settled that an employer is obligated to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal. La. R.S. 23:1203. A workers’ compensation claimant must prove that the medical expenses are reasonably necessary for the treatment of a medical 14condition caused by a work-related injury. Pardee v. Forest Haven Nursing Home, 42,321 (La.App.2d Cir.06/20/07) 960 So.2d 1216. The claimant must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident by a preponderance of the evidence. Taylor v. Wal-Mart Stores, Inc., 40,179 (La.App.2d Cir.09/21/05), 914 So.2d 579, writ not cons., 2006-0144 (La.04/17/06), 926 So.2d 500, cert. denied, 549 U.S. 1157, 127 S.Ct. 982, 166 L.Ed.2d 783 (2007). Thus, the issue on appeal is whether the WCJ’s conclusion to deny Bradford’s request to refill the medications prescribed by Dr. Swearingen was a reasonable one. Considering the testimony and evidence in the record before us, we conclude it was.
As noted in the facts section of this opinion, Bradford initially sought treatment from Dr. Swearingen, who prescribed Alrex and Bepreve. Thereafter, *42 Bradford complained that his treatment by Dr. Swearingen was ineffective, so he changed his treating physician to Dr. Henderson. Dr. Henderson did not prescribe Bepreve or Alrex, but instead prescribed an Ocudox kit. Nowhere in Dr. Henderson’s records did he renew the medications prescribed by Dr. Swearingen, nor did he recommend Bradford continue taking the medications as prescribed. In fact, Bradford sought treatment from a third physician who did not renew or prescribe Alrex or Bepreve. Consequently, because Bradford presented no relevant evidence to prove by a preponderance of the evidence that the refills of Bepreve and Alrex were reasonably necessary, we cannot say that the WCJ was manifestly erroneous or clearly wrong in denying Bradford’s claim.

Occupational Disease

|sWe also detect no error in the WCJ’s decision not to award benefits for an occupational disease. As noted by the WCJ, Bradford’s injuries do not meet the definition of an occupational disease pursuant to La. R.S. 23:1031.1. However, despite not qualifying as an occupational disease, Bradford’s compensable work-related injury will indeed be covered under the scheme provided for by the Workers’ Compensation Act.

Future Medical Treatment, Penalties, and Attorney Fees

As a final matter, we note that in the conclusion portion of his pro se appeal brief, Bradford requests future medical treatment for doctors, glasses, prescription medications, penalties, interest, pain and suffering, punitive damages, and attorney fees. However, Bradford did not brief this issue, nor was it ever raised at trial. In fact, Bradford never asserted a claim for future medical treatment, penalties, or attorney fees in his Form 1008 complaint. Therefore, this issue is not properly before this Court on appeal.
Nevertheless, recognizing Bradford’s pro se status, even if properly before this Court on appeal, we conclude that Bradford would not be entitled to future medical treatment, penalties, or attorney fees. First, pursuant to La. R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. Brown v. KTBS, Inc., 42,847 (La.App.2d Cir.01/09/08), 974 So.2d 784; writ denied, 2008-0353 (La.02/15/08), 974 So.2d 1279. Said differently, a claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the claimant. Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/06/95), 665 So.2d 657. Thus, Bradford is not entitled to an award for future medical expenses, but he may make a claim for any subsequent 1 ^medical expense reasonably necessary for the treatment of his work-related eye injury.
Second, the failure to provide payment of benefits will result in penalties and attorney fees “unless the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” La. R.S. 23:1201 F(2); McCarroll v. Airport Shuttle Inc., 2000-1123 (La.11/28/00), 773 So.2d 694; J.P. Morgan Chase v. Louis, 44,309 (La.App.2d Cir.05/13/09), 12 So.3d 440. The phrase “reasonably controvert” means that the defendant must have “some valid reason or evidence on which to base his denial of benefits.” Dugan v. St. Francis Med. Center, 45,149 (La.App.2d Cir.04/14/10), 34 So.3d 1157, writ denied, 2010-1114 (La.09/03/10), 44 So.3d 685. Here, we conclude that the WPPJ properly controverted Bradford’s claim, when it pointed to specific evidence in support of its argument that the medications were not reasonably necessary. At *43 the time the LCTA denied Bradford’s request it was apparent that Bradford had transferred his treatment to Dr. Henderson. Dr. Henderson did not renew the prescriptions, nor did he indicate that they were necessary for Bradford’s treatment.
Further, and for a different reason, Bradford is not entitled to attorney fees. Under Louisiana jurisprudence, recovery of attorney fees is not available to one who represents himself because he has incurred no out-of-pocket legal expenses. See Guidry v. Cytec Indus., 2000-197 (La.App. 3d Cir.10/11/00), 772 So.2d 194. Therefore, Bradford, as a pro se claimant, is not entitled to attorney fees.
Conclusion
|7So considering, the judgment of the Office of Workers’ Compensation in favor of the Webster Parish Police Jury is affirmed. All costs of this appeal are assessed to Louis J. Bradford.
AFFIRMED.