SAUNDERS, J.,
dissenting.
hi respectfully dissent from the majority’s decision to affirm the worker’s compensation judge’s determination that, under Sigler, LCG was entitled to choose the pharmacy to be used by Dr. Bordelon.
The trial court focused on the reasonableness of the employer’s choice of pharmacy. While I do not disagree that the employer’s choice was reasonable, I do not believe that “reasonableness” of the employer’s choice of pharmacy is the focus of our inquiry. I believe the issue to be examined is whether an injured employee in Louisiana may choose his healthcare provider, including a pharmacist. I believe he may for the reasons set forth below.
Louisiana Revised Statutes 22:1964(15)(a) generally provides that issuance of any health benefits policy which “prohibits or limits a person who is an insured or beneficiary of the policy ... from selecting a pharmacy or pharmacist of the person’s choice ... or in any manner interferes with that person’s selection of a pharmacy of pharmacist” is an unfair or deceptive practice. While this statute does not directly apply to worker’s compensation policies, reading this law in conjunction with the laws concerning worker’s compensation, as a policy of insurance, it generally implies a legislative intent to preserve an insurance benefits |2recipient’s right to his choice of pharmacy and pharmacist. Further, this court has previously refused to restrict an injured employee’s choice of healthcare providers, except where the choice is specifically given to the employer. See Louisiana Clinic v. Patin’s Tire Serv., 98-1973 (La.App. 3 Cir. 5/5/99), 731 So.2d 525, 528 (“We have found no authority that allows the employer or insurer to dictate the place and physician to perform diagnostic testing ordered by a treating physician.”)
Dovetailing with this analysis is the second circuit’s interpretation of La.R.S. 23:1203 in Brown v. KTBS, Inc., 42,847 (La.App. 2 Cir. 1/9/08), 974 So.2d 784, amended on rehearing (2/7/08), writ denied, 08-0353 (La.2/15/08), 974 So.2d 1279. In this opinion, the court found that Louisiana was a “patient choice” state, explaining:
La. R.S.23:1203 does not address the issue of which party has the right to choose a vendor for a reasonable and necessary medical device ... [but] does set forth the obligation of an employer to a claimant, which is simply that of reimbursement of the lesser of the amount provided by the fee schedule or the actual amount paid for a recommended medical device.
[[Image here]]
What is contemplated by the legislature is that a claimant will incur expenses for necessary drugs, supplies, care, services, or, as in this case, a medical device, then obtain reimbursement from his or her employer. Under the circumstances of this case, claimant clearly has the right to choose the providers of the necessary drugs, supplies, services, etc., and defendants are protected by: (1) the requirement that said drugs, supplies, services, etc., be necessary and (2) the cost limit established La.R.S. 23:1203(B).
Id. at 786 (emphasis in original).
Moreover, the Attorney General, in opinion No. 89-47, agreed that the employer could not compel an injured .employee to use the pharmacy of its choice.
*426 laThis court, in Sigler v. Rand, 04-1138, p. 15 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 198, writ denied, 05-0278 (La.4/1/05), 897 So.2d 611, concluded that an employee was entitled to choose the provider of diagnostic testing services “[b]ecause the administration of medical diagnostic testing, the type of equipment used, and the interpretation of the results obtained from the testing involve individual skill levels and perhaps comfort levels for patients.” This court further opined that an employee was not entitled to choose his own pharmaceutical provider because “the medication [the employee] obtained was the same regardless of which pharmaceutical company provided it,” Id. at 198, clearly suggesting that pharmaceutical providers provide merely ministerial services, rather than services that involve any level of skill. These conclusions were mere dicta in the case and, I submit, incorrect. For the reasons articulated below, I think that Si-gler was wrongly decided, I think that this case was wrongly decided. While the majority finds itself bound by the holding of Sigler, I would overrule Sigler.
It is simply common knowledge that pharmacists provide more than merely ministerial services. Pharmacists are responsible for, among many other duties, accurately dispensing prescribed medications in the proper dosage to the proper patient, for advising the patient of any potential drug interactions, of any potential side effects, and of any recommendations concerning how and when to take medication, for communicating with pres-cribers when a prescription order is unclear or potentially harmful for the patient, for promoting general health by sharing advice concerning nonprescription remedies and supplements, such as vitamins, over-the-counter medications, and herbal remedies, and staying abreast of new medications and drug therapy protocol. Often, patients share confidential and personally sensitive information with their pharmacists. These tasks are much more than merely ministerial. They are an important part of a patient’s treatment |4and require advanced knowledge, a high-level of individual skill, and the comfort of the patient.
Further, pharmacists must go through a rigorous process to become licensed to administer pharmacy care in Louisiana. The applicant for a pharmacy license must:
1) be at least 21 years of age;
2) be of good moral character and temperate habits;
3) obtain a professional pharmacy degree from an approved college of pharmacy;
4) obtain a minimum of one year experience, under the supervision of a licensed pharmacist, in providing pharmacy care. La.R.S. 37:1202; and
5) complete any examinations required by the Board of Pharmacy.
Further, according to the Application for Louisiana Pharmacist License, promulgated by the Louisiana Board of Pharmacy, applicants must not only successfully complete a licensure examination, but must also complete a second examination and submit to a criminal background check. Finally, prior to their annual license renewal, pharmacists must complete a minimum of fifteen hours of continuing education. La.Admin Code tit. 46, §§ 505, 507. Surely the legislature would not have imposed such rigorous requirements on persons who provide no more than a ministerial duty.
It is my belief that Louisiana is overwhelmingly a “patient choice” state. In the absence of a clear expression from the legislature to the contrary, it should remain so. I would reverse worker’s compensation judge’s determination that LCG *427 was entitled to choose the pharmacy to be used by Dr. Bordelon.