|LWILLIAMS, Judge.
In this worker’s compensation action, the defendants, Read Lumber & Supply Company (“Read Lumber”) and its insurer, The Insurance Company of the State of Pennsylvania, appeal a worker’s compensation hearing officer’s judgment finding that the claimant, Roy Kendrix, was injured in a work-related accident and was entitled to temporary total disability benefits, medical expenses, penalties and attorney fees. For the following reasons, we affirm.
FACTS
The claimant, Roy Kendrix, was employed by the defendant, Read Lumber, as a driver and warehouse worker. On October 28, 1994, claimant drove defendant’s pickup truck to deliver materials to a customer in Bastrop, Louisiana. According to the claimant, while driving back after making the delivery, he struck a fully mature horse that ran into .the road. The claimant stated that he was traveling at a speed of approximately 45 miles per hour when he first saw the horse. He applied his brakes, but the truck slid into the horse. The impact of the collision dented the hood and bumper of the truck.
Later that day, claimant informed Read Lumber personnel of the accident, but did not report any injuries and completed his *1289 shift. However, claimant began feeling pain during the evening. The next day, he informed another Read Lumber employee about the pain in his left shoulder and arm and he did not go to work. The defendant made an appointment for the claimant to see Dr. Jeffrey Enejosa. On October 31, 1994, Dr. Enejosa examined claimant and found an absence of normal thoracic kyphosis, abnormal lumbar lordosis and muscle strain in his back. Dr. Enejosa instructed claimant to maintain proper posture, prescribed a muscle relaxant and released claimant as fit for work as a driver, but with the restriction to avoid bending and lifting heavy objects. The claimant did not return to work, but told defendant that he was still sore and wanted to see another doctor. Defendant barranged for claimant to see Dr. A.C. Wadlington at Union General Hospital in Farmersville.
On November 2, 1994, claimant was examined by Dr. Wadlington, who had x-rays taken of claimant’s pelvis and lumbar and cervical spine. Following this examination, Dr. Wadlington reported that the claimant was physically able to work. The claimant visited Dr. Enejosa on November 4, 1994 and again on November 11, 1994, complaining of lower back pain. Dr. Enejosa recommended physical therapy. On November 4,1994, claimant picked up his last paycheck and he did not return to work at Read Lumber.
Subsequently, the claimant filed a claim for worker’s compensation benefits against Read Lumber and its insurer. After a hearing, the worker’s compensation hearing officer found that the physical damage to the truck was consistent with claimant’s testimony and that claimant was injured as the result of a work-related accident. The hearing officer concluded that claimant was entitled to receive temporary total disability benefits from the date of his injury until his release to return to work following physical therapy. She also found that defendants were arbitrary and capricious in refusing to pay benefits and medical expenses. The hearing officer assessed a penalty of $1,000 against defendants and awarded attorney fees in the amount of $8,000. Defendants appeal.
DISCUSSION
The defendants argue the hearing officer erred in finding that claimant was injured in a work-related accident. They contend that the physical evidence did not support claimant’s claim that an accident occurred.
The claimant in a worker’s compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). Proof by a preponderance of the evidence is sufficient where the evidence, taken as a whole, shows that thej¡fact sought to be proved is more probable than not. Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). A worker’s testimony alone may be sufficient to prove a work-related accident, provided that other evidence does not discredit or cast serious doubt upon the worker’s version of the accident and his testimony is corroborated by the circumstances following the incident. Bruno v. Harbert International Inc., supra; Lubom v. L.J. Earnest, Inc., supra.
A claimant’s disability is presumed to have resulted from an accident if before the incident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously thereafter manifest themselves. There must be sufficient medical evidence to show a reasonable possibility of a causal connection between the accident and the disabling condition, or the nature of the accident must raise a natural inference that such a connection exists. Lubom v. L.J. Earnest, Inc., supra.
In the present case, the claimant described the circumstances of the accident in detail and reported the incident to his supervisor after returning from the delivery trip. Claimant testified that the truck’s hood and bumper were dented in the collision with the horse. The following morning, the claimant felt pain in his arm, shoulder and back and he did not report to work. Claimant testified that he did not have any pain or disability prior to the accident.
At the hearing, Stanley Read, the president of Read Lumber, initially denied that there was any physical damage to the truck. *1290 However, alter the hearing officer announced her intention to inspect the truck, Read stated that the truck’s hood had been dented and scratched by sliding tin prior to the claimant’s accident. The hearing officer found that the dents in the hood and bumper of the truck were consistent with the claimant’s description of the accident and that his testimony was credible. The record does not contain evidence which casts serious doubt on the claimant’s report of a collision. The hearing officer heard conflicting ^testimony and evaluated the credibility of the witnesses. We cannot say the hearing officer was clearly wrong in finding that the claimant was injured in a work-related accident. This assignment of error lacks merit.

Disability

In its second assignment of error, the employer argues the hearing officer erred in awarding claimant temporary' total disability benefits. The defendants contend the claimant failed to prove that he was physically unable to work.
Where a worker’s compensation claimant seeks temporary total disability benefits, he bears the burden of proving by clear and convincing evidence that his injury prevents him from engaging in any employment. LSA-R.S. 23:1221(1). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Knotts v. Smiling Temporaries, 27,773 (La.App.2d Cir. 12/6/95), 665 So.2d 657. An appellate court may not set aside a hearing officer’s findings of fact in the absence of manifest error or unless they are clearly wrong. Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir.1992).
In the present case, the medical evidence regarding claimant’s ability to work consists of physicians’ reports submitted into evidence. Following the accident, Dr. Jeffrey Enejosa examined the claimant, who complained of shoulder and low back pain. Dr. Enejosa found an absence of normal thoracic kyphosis, abnormal lumbar lordosis and muscle strain in the claimant’s right latissimus dorsi. Dr. Enejosa reported that claimant’s ability to work was restricted and instructed the claimant to avoid bending and lifting heavy objects. Evidence presented at trial established that claimant’s job with Read Lumber required such lifting and bending. Thus, he was physically unable to return to work.
Claimant was also examined by Dr. A.C. Wadlington. That visit was arranged by the employer. After reviewing x-rays of the claimant’s lumbar and fecervical spine and his pelvis, Dr. Wadlington opined that claimant was physically able to return to work at Read Lumber. However, following this examination, claimant returned to Dr. Enejosa two additional times with complaints of continuing low back pain. Dr. Enejosa recommended that claimant obtain physical therapy and referred him to the E.A Conway Hospital Rehabilitation Department. Claimant stated that he did not attend any physical therapy sessions because Read Lumber would not pay for the therapy and he did not have health insurance.
The medical evidence shows that the claimant has never been unconditionally released to work by Dr. Enejosa. At the time of the hearing, claimant continued to complain of back pain and had not received the recommended physical therapy. After reviewing the record, we cannot say the hearing officer was clearly wrong in finding that the claimant was entitled to receive temporary total disability benefits from the date of injury until he is unconditionally released to return to work following physical therapy. This assignment of error lacks merit.

Medical Expenses

The defendants argue the hearing officer erred in awarding claimant medical expenses, including the cost of physical therapy. An employer is obligated to furnish all necessary medical expenses related to a work injury. LSA-R.S. 23:1203. A claimant may recover medical expenses that are reasonably necessary for the treatment of a medical condition caused by a work-related injury. Knotts v. Snelling Temporaries, supra.
In the present case, the hearing officer found that the claimant sustained a work-related injury. He was treated by Dr. Ene- *1291 josa, who prescribed medication. The record shows that claimant incurred medical expenses related to his injury in the amount of $508.31. We find that the defendants are obligated to pay these expenses. In addition, the hearing officer found that the recommended physical ^therapy was necessary for the treatment of claimant’s medical condition. We cannot say the hearing officer was manifestly erroneous in finding that claimant was entitled to obtain the physical therapy at the defendants’ expense.

Penalties and Attorney Fees

Defendants also argue the hearing officer erred in assessing penalties and attorney fees. They contend the facts and medical evidence available in November 1994 provided a reasonable basis to doubt that claimant was injured in a work-related accident and to dispute that he was physically unable to work.
LSA-R.S. 28:1201 E imposes penalties upon any employer who has failed to pay compensation benefits and who has not reasonably controverted the employee’s claim to compensation. Green v. Conagra Broiler Co., 26,599 (La.App.2d Cir. 3/1/95), 651 So.2d 335. An award of attorney fees requires a finding that the employer’s actions were arbitrary, capricious or without probable cause. LSA-R.S. 23:1201.2; Lubom v. L.J. Earnest, Inc., supra. Whether a refusal to pay benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer at the time of its action. Green v. Conagra Broiler Co., supra.
Here, the claimant informed Read Lumber personnel about the accident immediately after he returned from the delivery. The claimant reported his injury the following day and requested to see a doctor. Claimant was examined by Dr. Enejosa, who found lumbar muscle strain and prescribed medication. Stanley Read testified that he refused to pay the cost of the medication because he was not told of its purpose. However, Read could have simply called Dr. Enejosa, the physician chosen by the employer, to verify why the pain medication was necessary.
Although Read stated that the lack of damage to the truck caused him to doubt claimant’s accident, the hearing officer specifically found that the truck was frdented in a manner consistent with claimant’s description of the accident. In addition, defendants refused to pay compensation benefits even after Dr. Enejosa restricted claimant from bending and lifting heavy objects, which prevented him from working. After reviewing the entire record, we conclude that defendants did not have a reasonable basis to controvert claimant’s claim for compensation. Consequently, we cannot say the hearing officer was clearly wrong in finding that the defendants’ refusal to pay worker’s compensation benefits was arbitrary and capricious, or in assessing penalties and attorney fees. This assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the hearing officer’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Read Lumber & Supply Company and The Insurance Company of the State of Pennsylvania.
AFFIRMED.