11 HIGHTOWER, Judge.
In this worker’s compensation action, Sha-wanda Cowthran appeals a judgment denying her further indemnity benefits and certain medical expenses. Finding no error, we affirm.

Facts and Procedural History

On June 10,1996, while having lunch in the employees’ lounge at her place of employment, the Horseshoe Casino in Bossier City, plaintiff slipped on a wet surface and fell to the floor, striking her head against a chair in the process. According to some accounts, Cowthran remained unconscious for ten minutes. After being assisted to a sitting position, she refused any medical treatment, insisting instead that she would be “okay.” Despite a headache and dizziness, she soon returned to work.
The next day, upon Cowthran appearing at her job while still reporting continued pain, Horseshoe arranged for her to receive an evaluation and treatment at Willis Knighton Work Kare. She also consulted her own doctor. When conflicting opinions ensued about the amount of work plaintiff could immediately perform and what restrictions should govern her efforts, the parties agreed that the results of a third physician’s examination would be binding.
On June 18, an orthopedist, Dr. Lewis Jones, diagnosed a myoligamentous strain to the cervical and lumbar regions and a strain of the left shoulder. During his evaluation, he also noted that the patient exhibited excessive pain behavior, i.e., the physical findings did not support the degree of discomfort portrayed. After prescribing physical therapy, exercise, and good posture, Dr. Jones released Cowthran to light duty work and advised her to avoid prolonged sitting.[1]
During trial, Cowthran testified that working “graveyard shift” hours, which she began on June 26, 1996, caused her pain to become “excruciating.” Thus, she did not return to her job after that date and now contends that the constant pain prevents her from resuming any employment.
_J¿With Cowthran stipulating she had been able to perform the duties of her employment through June 25 and that those responsibilities thereafter remained unchanged, the worker’s compensation judge focused her attention on any subsequent changes in claimant’s condition. In her reasons for judgment, the administrative fact-finder determined that the credible evidence did not show a continuing disability after September 24, 1996 — the date through which Horseshoe paid benefits. The court also disallowed certain claimed medical expenses that Cowthran failed to prove reasonable and necessary. Plaintiffs appeal followed.

Discussion

Cowthran contends that the administrative officer erred in rejecting her claim for temporary total disability benefits or, in the alternative, supplemental earnings benefits. We disagree.
Compensation benefits are available only for the plaintiff who can establish, by a preponderance of the evidence, a causal relationship between his disability and the work injury. Berry v. River City Timber, 27,364 (La.App.2d Cir.09/27/95), 661 So.2d 668, writ denied, 95-2612 (La.01/05/96), 666 So.2d 293; Green v. ConAgra, 26,599 (La.App.2d Cir.03/01/95), 651 So.2d 335. Additionally, the hearing officer’s factual findings in this regard are subject to the manifest error standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.01/14/94), 630 So.2d 706; Green, supra. Thus, the reviewing court does not decide whether those factual findings are right or wrong,.but whether they are reasonable. Stobart v. State, DOTD, 617 So.2d 880 (La.1993). Further, where conflict exists in the testimony, the fact-finder’s reasonable evaluations of credibility and inferences should not be disturbed by the court of appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989).
*1068 Anent Cowthran’s condition after September 24, 1996, plaintiff presented her own testimony, which the hearing officer specifically found to lack credibility.[2] Cowthran ^additionally offered records (largely illegible handwritten notes) of treatment she received at LSU Medical Center both before and after the June 10, 1996 accident. Yet, save her own disclosures, nothing relates the care received at that facility to the work injury.
Finding no manifest error in the lower court’s credibility assessment, we are faced with the same medical evidence that the hearing officer considered. These records and depositions plainly indicate that Cow-thran’s injuries should have resolved within a few weeks of the June 10 work injury. Dr. Jones, Dr. Jean Rousseau (claimant’s personal treating physician), the health care providers at Willis Knighton Work Kare, and Dr. Gordon Mead (an orthopedist who examined plaintiff one year post-accident), all concluded that Cowthran could return to her previous employment. Moreover, these experts could not, with any degree of medical certainty, relate her current complaints to the work injury in light of her failure to inform the physicians about her previous injuries. Thus, plaintiff is entitled to neither temporary total nor supplemental earnings benefits.[3]
Regarding medical expenses, the hearing officer ordered Horseshoe to pay all fees stemming from Dr. Rousseau’s treatment and those services provided at LSU Medical Center relating to Cowthran’s neck, back, and shoulder problems. As for charges incurred at the Red River Rehabilitation Clinic with Dr. Eric Berg, a chiropractor, the administrative judge disallowed recovery, finding plaintiff had not proven this care to be reasonable or necessary.
Of course, an employer is obligated to furnish all necessary medical expenses related to a work injury, La. R.S. 23:1203, and a claimant may recover those expenses reasonably necessary for the treatment of a medical condition caused by a work-related injury. Beddes v. Qwik Pantry, 29,657 (La.App.2d Cir.06/18/97), 697 So.2d 695; Kendrix v. Read Lumber, 28,612 (La.App.2d Cir.09/25/96), 680 So.2d 1287. Even so, in the present matter, the hearing officer had serious problems with Dr. Berg’s testimony Land the handling of his business affairs (e.g., charges appeared on his bill for dates upon which Cowthran denied receiving any care). Indeed, the observed complications rose to such a level that the court placed no weight on the chiropractor’s statements or records. Consequently, the related charges were denied, a determination with which we find no error.

Conclusion

For the foregoing reasons, the judgment below is affirmed at appellant’s costs.
AFFIRMED.

. Although containing no job description, the record supports a conclusion that Cowthran’s position as human resources representative could be characterized as a sedentary to light duty post.

. The worker's compensation judge based this conclusion of dishonesty, or lack of candor, on not only the plaintiff's reports to her employer, but also her presentation to the court.

. Potentially, the provisions of La. R.S. 23:1208 also could have provided the basis for rejecting Cowthran’s claims. This statute allows the court to penalize a claimant for false statements or representations made for the purpose of obtaining worker's compensation benefits. For a discussion of the application of this statute, see Bass v. Allen Cannery Company, Inc., 30,635 (La.App.2d Cir.06/26/98), 715 So.2d 142.