764 So.2d 307 (2000)
Marjorie BLANSON, Plaintiff-Appellant,
v.
GM INLAND FISHER GUIDE, Defendant-Appellee.
Nos. 33,498-WCA, 33,499-WCA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2000.
*308 Marjorie Blanson, in proper person.
Hudson, Potts, & Bernstein by Brian P. Bowes, Monroe, Counsel for Appellee.
Before WILLIAMS, STEWART and KOSTELKA, JJ.
STEWART, J.
In this workers' compensation case, the claimant, Marjorie Blanson, appeals a judgment in favor of the defendant, G.M. Inland Fisher Guide, denying Blanson's request for workers' compensation benefits for injuries she allegedly sustained while employed by G.M. Inland Fisher Guide. The principal issue in this case is whether the workers' compensation judge (WCJ) erred in finding that Blanson failed to meet her burden of proving that she suffered from a work-related accident and resulting disability entitling her to workers' compensation benefits. We hereby affirm.

FACTS
Claimant, Marjorie Blanson, transferred to the Monroe, Louisiana plant of GM Inland Fisher Guide from a similar plant of GM in Missouri in November 1993. Claimant contends that an accident occurred on December 10, 1993 in the Monroe plant when she tripped while going up *309 stairs. Furthermore, claimant contends that she suffered another accident on June 14, 1995. As a result of these injuries, she contends that she suffers from chronic lower back pain, continuing numbness, pain radiating into both legs and aching within the lower legs. The defendants denied the claimant's request for workers' compensation benefits based on insufficient evidence to support the occurrence of an accident on December 10, 1993, and any aggravation on June 14, 1995.
Claimant's extensive medical history reveals the following: On May 1986, the claimant was treated by Dr. Robert Yanover, of St. Louis, Missouri, with complaints of head and neck pain. On May 1, 1989, claimant was involved in an automobile accident and injured her shoulders, hands, and other parts of her body. She complained of bilateral leg pain and was diagnosed with non-specific myalgia and neurologic symptoms. On April 20, 1990, claimant complained to Dr. Yanover of arm and lower back pain. On April 26, 1990, claimant was examined by Dr. Linsmeyer, a St. Louis physician, and she complained of a six month history of pain in her right arm and hand. In June of 1990, she saw Dr. Linsmeyer again, complaining of hand and tennis elbow symptoms. In December 1990, she complained of lower back pain radiating into both legs with numbness and tingling.
Furthermore, in 1991, claimant saw Dr. Donald Binz, of St. Louis, who diagnosed fibro-myalgia. On February 21, 1991, she complained of lower back pain and bilateral leg pain. She also complained of right-sided neck pain and lower back pain with radiation into her left leg. She blamed her neck injury on a motor vehicle accident that occurred six years prior. Moreover, she blamed her lumbar spine pain on strenuous job activity. An MRI, which was performed on October 30, 1992, revealed the central disc herniation in claimant's neck and a normal lumbar spine. Following a neurological consultation, degenerative joint disease in the cervical spine, possible carpal tunnel syndrome, bilateral, and chronic lumbosacral strain was noted. On December 18, 1992, the lumbosacral strain was noted, claimant complained of chronic back pain and was diagnosed with chronic myalgia and arthritis.
Moreover, in 1993, claimant complained of lower back pain which, she alleges, continued in February and May of 1993. On August 1, 1994, claimant saw Dr. Don Irby, a neurosurgeon. He noted her multiple back injuries in 1978, 1984, 1985 and 1990. He recommended an MRI which issued a negative result, except for evidence of "old trauma." On September 16, 1994, claimant saw Dr. A.E. Dean, an orthopedic surgeon, and was diagnosed with degenerative L5 through S1 disc disease with acute sprain and chronic strain. On December 1, 1994, claimant was examined by another orthopedic surgeon, Dr. E.L. Morgan. His impression was that claimant's back showed degenerative disc disease. He also noted symptom magnification.
On May 25, 1995, an MRI of the lumbar spine was performed. It showed a loss of disc signal consistent with degenerative disc disease. On September 29, 1995, claimant was examined by another orthopedic surgeon, Dr. J. Lee Ethridge. Dr. Ethridge had an impression of degenerative disc disease at L5 through S1. There was no evidence of any neurological deficits. He noted abnormal pain behavior and felt that claimant would be at a high risk for recurrent injuries of various kinds. Furthermore, he noted that claimant's degenerative changes were what one would expect at her age of 54.
Finally, on June 27, 1996, claimant was involved in an accident at a Sears store. A box dropped on to her foot, but she allegedly lurched and jumped which caused an aggravation of her back condition. Other medical treatment continued with the same complaints of low back pain and neck pain.

*310 DISCUSSION
By assignment of error, claimant contends that the WCJ erred in finding that claimant failed to meet her burden of proving that she suffered from a work-related accident and resulting disability, and that, accordingly, she should be awarded workers' compensation benefits.
An appellate court may not set aside a hearing officer's findings of fact in the absence of manifest error or unless they are clearly wrong. Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir.1992). Where there is conflict in testimony, reasonable inferences of fact should not be disturbed on review. When a trial court's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Rosell v. ESCO, 549 So.2d 840 (La.1989); Theus v. Schumpert Medical Center, 25,750 (La.App.2d Cir.4/5/95) 653 So.2d 178.
In a workers' compensation proceeding, the claimant bears the burden of demonstrating by a preponderance of the evidence that an employment accident resulted in disability. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Britton v. Morton Thiokol, Inc., 604 So.2d 130 (La.App. 2d Cir.1992). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Key v. Insurance Company of North America, supra. While the worker's testimony alone may be sufficient to discharge that burden, it will be inadequate where (1) other evidence discredits or casts serious doubt upon the worker's version of the incident; or (2) the worker's testimony is not corroborated by the circumstances following the alleged incident. Such corroboration, of course, may include medical evidence and the testimony of fellow workers, spouses, or friends. The key requirement is that a precipitous event directly produce sudden objective findings of an injury rather than a mere manifestation of a gradual deterioration or progressive degeneration. Jones v. AT & T, 28,059 (La. App.2d Cir.2/28/96), 669 So.2d 696.
An employee's preexisting disease or infirmity does not disqualify his workers' compensation claim if the work-related injury either aggravated, or combined with the disease or infirmity to produce the disability for which compensation is claimed. When a claimant proves that before the accident he had not exhibited disabling symptoms, but that commencing with the accident, the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, a claimant's work injury is presumed to have aggravated, accelerated or combined with any preexisting disease or infirmity to produce his disability. Walton v. Normandy Village Homes Association, Inc., supra; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). If the evidence is evenly balanced, or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation, then the claimant fails to carry his burden of proof. Lubom v. L.J. Earnest, Inc., supra.
In this case, the WCJ determined that there was insufficient evidence showing a precipitous event directly producing sudden objective findings. Furthermore, the WCJ held that medical evidence indicated that claimant suffered from a manifestation of a gradual deterioration or progressive degeneration. In sum, the WCJ held that the probabilities were evenly balanced. Upon review of the record, we agree with the WCJ's determination, and find that claimant has failed to carry her burden of proof that she suffers from a work-related accident and disability entitling her to workers' compensation benefits.
*311 Similar to our decision in Qualls v. Stone Container Corp., 29,794 (La.App.2d Cir.9/24/97) 699 So.2d 1137, we find it impossible to determine whether the December 10, 1993 accident or the June 14, 1995 accident caused claimant's injuries by aggravating a pre-existing weakened condition, or whether claimant's alleged continuing disability was simply the result of a degenerative process. Moreover, here, where claimant's medical condition began prior to the alleged work-related injury and was never completely resolved, and where claimant blames her back condition on several events and accidents, some of which were work-related and some which were not, the evidence shows only a mere possibility that a work-related event produced the disability. Unless the claimant proves by a preponderance of the evidence that her disability results from an on-the-job injury, she may not recover. In this case, claimant has failed in her burden of proof. Therefore, we deny claimant's request for workers' compensation benefits. This assignment of error lacks merit.

CONCLUSION
Based on the foregoing, we hereby affirm the WCJ's decision, and assign all costs of this appeal with the claimant.
AFFIRMED.