1, STEWART, J.
This is an appeal by Ronnie D. Fish (“Fish”) from a judgment denying his claim for workers compensation benefits and medical benefits. The judgment further found that Fish had forfeited his right to workers’ compensation because he made a material misrepresentation for the purpose of obtaining benefits in violation of La. R.S. 23:1208. For the following reasons, we affirm the workers compensation judge.
FACTS
Fish testified that on February 29, 2001, he injured his back while performing roughneck duties. The drilling crew on Grey Wolf Rig Number Fifteen was removing drill pipe when he claimed to have injured his back while lifting slips. Fish testified that when he felt pain in his back, he stopped working and went and rested for the remainder of the crew’s work shift. When the crew’s work shift ended at 5:30 a.m. on March 1, 2001, Fish went to a company mobile home on the drill site premises where he remained in bed until late afternoon. Fish told his driller, Terry Evans, that he thought he would be fine, and that he wanted no formal accident report because he feared a report of his injury would cause him and his crew members to lose a quarterly safety bonus.
On the afternoon of March 1, Fish informed Dennis Fleming, his toolpusher, of his increasing back pain. Fleming immediately took Fish for evaluation and treatment of his back injury at Minden Medical Center.
Fish immediately sought medical treatment from Dr. A.E. Dean, a Shreveport orthopaedist. Fish reported to work on light duty status until July 14, 2001, when Dr. Dean informed him that he needed back surgery.
ls.The workers compensation judge found that Fish had not met his burden of proving that he had suffered a work related injury, and that he had made a material misrepresentation in pursuit of benefits in violation of La. R.S. 23:1208.
DISCUSSION

Standard of Review

The workers compensation judge’s (WCJ) findings are subject to the manifest error rule. Cox v. Roofing Supply, Inc., 36,275 (La.App.2d Cir.8/14/02), 825 So.2d 1271. In applying the manifest error standard, the appellate court must determine not whether or not the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Cox, supra. When these findings are based on credibility calls, the manifest error rule demands great deference to the WCJ’s findings. Stobart v. State., 617 So.2d 880 (La.1993). A credibility call may be reversed only when documents or objective evidence so contradict the witness’s story, or when the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit it. Rosell v. ESCO, 549 So.2d 840 (La.1989); Cox, supra. In the absence of such a showing, the WCJ’s choice between two permissible views of the evidence will not be disturbed. Cox, supra; Billington v. General Motors Corp., 31,585 (La.App.2d Cir.2/24/99), 728 So.2d 966.
*1054 In a workers compensation proceeding, the claimant bears the burden of demonstrating by a preponderance of the evidence that an employment accident resulted in disability. Blanson v. GM Inland Fisher Guide, 33,498 (La.App.2d Cir.6/23/00), 764 So.2d 307. Proof by preponderance of the evidence is sufficient, when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not. Blanson, supra.
Fish contends that he met his burden of proof by giving clear and convincing testimony concerning the occurrence of the injury to his lower back while acting in the course and scope of his employment duties with Grey Wolf. Fish testified that his injury and accident occurred between midnight of February 29 and March 1 of 2001. However, he admitted that he denied that he suffered a work related trauma to his back when he went to the emergency room. He also admitted that he told Katherine Keller, a claims adjuster, that he did not hurt his back, so that the workers on his crew would not lose their safety bonus for not having an accident. Fish further stated that he was not advised by anyone at Grey Wolf not to report his injury. Fish did not tell Dennis Fleming, who also worked as a tool pusher and driller, that he hurt his back pulling slips. In fact, Fleming testified that Fish told him that his back was hurting when he woke up that morning. Fish repeated this version of how his back began hurting to his immediate supervisor, Terry Evans.
This testimony is consistent with Fish’s medical history of back pain following a motor vehicle accident in 1992. Fish advised Keller that he frequently woke up with back pain, but that it usually worked itself out. Fish later gave a statement to Keller stating that his back injury did not occur all of a sudden, but rather just increased in intensity to the point that he was unable to lift.
|4The WCJ noted that the resolution of this case was primarily based on the medical evidence and the credibility of the parties. The WCJ concluded that Fish’s version of the events giving rise to his injury was rife with inconsistencies and contradictions. Consequently, the WCJ found that Fish’s testimony was not credible, and that he failed to prove a work related accident. The medical evidence showed that Fish had a history of back trouble from two motor vehicle accidents and that he was treated as early as September 23, 1999, for a probable disc herniation. The WCJ’s conclusion was reasonable and Fish’s assignment of error is without merit.
Our finding that Fish failed to meet his burden of proof as to the occurrence of an injury because of a work related accident pretermits a discussion of Fish’s entitlement to indemnity benefits, medical expenses, penalties and attorney fees.

Material Misrepresentation

The WCJ also found that Fish was in violation of La. R.S. 23:1208 by giving a false statement for the purpose of obtaining benefits. The WCJ based this conclusion on a statement made to Katherine Keller. Section 1208 only requires three things for forfeiture of benefits: 1) a false statement or representation, including one concerning a prior injury made to an employer, physician, or an insurer; 2) which is willfully made; and which is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Contr. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. Fish told Keller that he was not injured on the job to protect his crew’s | ^safety bonus which would only be given if no accidents occurred. However, the bonus was lost on March 1, 2001, when Fish was restricted to light duty.
*1055 Fish denied trauma to the emergency room physician on March 1, 2001, and made no mention of trauma to his treating physician on March 3, 2001. In fact, Fish appears to have never mentioned any February 29, 2001, trauma to any doctor that has treated him since then. Because the crew lost their bonus on March 1, Fish had no reason to lie to the physician who treated him on March 3, 2001, or when he gave a recorded statement to Ms. Keller more than four months later. This assignment is therefore without merit.
CONCLUSION
Based on the foregoing, we find no merit in Fish’s contentions and affirm the findings of the WCJ at appellant’s cost.
AFFIRMED.