986 So.2d 211 (2008)
Roslyn GILBERT, Plaintiff-Apellant,
v.
WILLIS-KNIGHTON WORK KARE CLINIC, Defendant-Appellee.
No. 43,320-WCA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
Roslyn Gilbert, Pro Se.
Lunn, Irion, Salley, Carlisle & Gardner, by Walter S. Salley, Shreveport, for Appellee.
Before WILLIAMS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Roslyn Gilbert appeals a judgment of the Office of Worker's Compensation District 1W (Shreveport) for the State of Louisiana (the "OWC"), which sustained an exception of prescription filed by Willis-Knighton Health System/Willis-Knighton Medical Center ("Willis-Knighton").[1] For the following reasons, we affirm the judgment of the OWC.

FACTS
On August 18, 2006, Gilbert filed a disputed claim for compensation against Willis-Knighton seeking indemnity benefits, asserting an accident occurred on June 27, 2003 which resulted in injuries to her "neck, back, left shoulder, and left legs (sic)." The disputed claim for compensation stated that her injury was "reported to GT 7/21/03" and the "date reported to *212 medical 7/24/03." In response, Willis-Knighton filed an answer, asserting that Gilbert's claim for indemnity benefits against it had prescribed pursuant to La. R.S. 23:1209.[2] Subsequently, Willis-Knighton filed an exception of prescription and a hearing on the matter was held. The OWC sustained the exception and judgment was entered in favor of Willis-Knighton dismissing Gilbert's claims. This pro se appeal by Gilbert ensued.

DISCUSSION
Gilbert does not present specific assignments of error in connection with her appeal. However, the gist of her argument is that she was unaware of her medical condition resulting from her alleged injury for some time, and that is why she delayed in filing her claim for compensation. So considering, we will review the record to determine whether the trial court properly granted Willis-Knighton's exception of prescription.
Gilbert's disputed claim for compensation maintains that "no wage benefits have been paid." However, at the time she filed her disputed claim for compensation, over a year had lapsed since her alleged workplace accident had occurred. Louisiana R.S. 23:1209 A states as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis added).
When a workers' compensation claim to recover benefits has prescribed on its face, as in this case, the burden of proving that prescription has been interrupted in some manner is on the claimant. Peters v. Ruskin Mfg., 40,977 (La.App.2d Cir.04/12/06), 926 So.2d 806.
At the hearing on Willis-Knighton's exception of prescription, the trial court judge asked Gilbert why she waited so long to file her disputed claim for compensation. Gilbert explained that she was "dealing" with her carpal tunnel syndrome, a result from a previous workplace injury that she had settled with Willis-Knighton. She further stated that she did not know she had to file her claim for indemnity payments within a year of her injury. At the hearing, the trial court actually re-opened the proceedings to give Gilbert an opportunity to present evidence showing that the one-year prescriptive period had been interrupted. The only evidence that Gilbert offered was a seven-page letter to Dr. Robert Holladay, the orthopedic physician who examined Gilbert on behalf of *213 Willis-Knighton, wherein she thoroughly disputed, in her opinion, his medical findings. Gilbert offered no valid reason as to why she allowed her indemnity benefits to prescribe and offered absolutely no evidence which tended to indicate that prescription was interrupted.
On the other hand, Willis-Knighton submitted the affidavit of its claim handler, which established that no indemnity benefits had ever been paid to Gilbert. Furthermore, as noted, Willis-Knighton admitted to the voluntary payment of medical benefits to Gilbert; however, the voluntary payment of medical benefits does not interrupt prescription for indemnity claims. See Winford v. Conerly Corp., XXXX-XXXX (La.03/11/05), 897 So.2d 560, citing, Brown v. Travelers Ins. Co., 247 La. 7, 169 So.2d 540 (1964). Thus, Willis-Knighton's voluntary payment of medical benefits did not interrupt the running of prescription on Gilbert's indemnity benefits claim.
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. If the fact-finder's findings are reasonable in light of the record reviewed in its entirety, a court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Gray v. Crocker, 37,683 (La.App.2d Cir.09/24/03), 855 So.2d 842. In this case, the OWC correctly considered the facts before it and was not clearly wrong in ultimately concluding that Gray's claim had prescribed pursuant to La. R.S. 23:1209 A.

CONCLUSION
So considering, the judgment of the OWC sustaining the exception of prescription filed by Willis-Knighton is affirmed. Costs of these proceedings are assessed to Roslyn Gilbert.
AFFIRMED.
NOTES
[1] Gilbert named her direct employer, Willis-Knighton Work Kare Clinic, as the defendant.
[2] Willis-Knighton admits that some medical expenses had been paid on behalf of Gilbert in connection with this alleged injury; however, Gilbert's claim is for indemnity payments only.