STEWART, J.
 

 11 Claimant Roslyn Gilbert is appealing a judgment rendered in favor of Defendant-Appellee Willis-Knighton Workkare Clinic, which declared that Gilbert’s choice of orthopedic specialist was Dr. Lewis Jones and that she was not entitled to another choice. The Worker’s Compensation Judge also determined that her condition was unrelated to the work-related accident. For the reasons set forth below, we affirm the lower court’s judgment.
 

 FACTS
 

 Gilbert asserts that she had a work-related accident on June 27, 2003, while working at Willis-Knighton Workkare Clinic. Gilbert was lifting a patient at the
 
 *1151
 
 time. This accident resulted in injuries to her neck, back, left shoulder, and left leg. During that same month, Gilbert was examined by Dr. Lewis Jones, who was an employee at Willis-Knighton, for some type of bodily injury. Dr. Jones administered an injection to Gilbert and ordered her to maintain good posture and to work on shoulder shrug and chin tuck exercises. She was also instructed to return to his office “on an as needed basis.” On several occasions thereafter, she was seen by Dr. Jones, along with some physical therapists. Gilbert was then released back to normal work without restriction. Dr. Jones and his staff informed her that she would recover from the pain she was having in a few weeks. In December 2003, she was laid off.
 

 Gilbert became dissatisfied with her treatment under Dr. Jones’s care. Per her request, Dr. Jones gave Gilbert a referral to LSU Orthopedic Clinic, as well as the Neurology Clinic for treatment, recommendations, and evaluation. She was released from Dr. Jones’s care at that time. She was |2denied workers’ compensation for any medical treatment received at LSU Medical Center. On August 18, 2006, Gilbert filed a disputed claim with the Office of Worker’s Compensation. In this disputed claim, Gilbert asserted that she sustained injuries to her neck, back, left shoulder, and left leg as a result of a June 27, 2003, work-related accident.
 

 In response, Willis-Knighton Workkare Clinic filed an exception of prescription, asserting that Gilbert’s claim regarding her indemnity benefits had prescribed pursuant to La. R.S. 23:1209, which reads in pertinent part:
 

 A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 In August 2007, the WCJ determined that Gilbert’s claim for indemnity benefits had prescribed and granted the exception. Gilbert appealed. This court affirmed the WCJ’s
 
 ruling
 

 [1]
 

 .
 

 On July 31, 2008, the trial on the issues of entitlement to medical treatment and causation was held and Gilbert’s claim was denied. The WCJ determined that Gilbert’s choice of orthopedic specialist was Dr. Jones, that her choice of physician form was proper, and that she was not entitled to |sanother choice of physician. Additionally, the WCJ declared that the condition that she suffered from was unrelated to the work-related accident. Gilbert now appeals.
 

 LAW AND DISCUSSION
 

 Rule 2-12.4 of the Louisiana Uniform Rules-Court of Appeal requires an appellant’s brief to comply with certain requirements. The brief must include, among other things, “a concise statement of the case, the action of the trial court thereon, a specification of assignment of alleged er
 
 *1152
 
 rors relied upon, the issues presented for review, an argument confined strictly to the issues of the case ... giving accurate citations of the pages of the record and the authorities cited.... ” Rule 2-12.4 further provides that “[a]ll specifications or assignments of error must be briefed.” If they are not briefed, “[t]he court may considered as abandoned any specification or assignment of error which has not been briefed.”
 

 In the instant case, Gilbert has filed a
 
 pro se
 
 brief, which does not comply with the requirements of Rule 2-12.4, because she failed to present specific assignments of error in regards to her appeal. However, Gilbert expresses that she disagrees with the WCJ’s judgment, claiming that all of her medical records from the LSU Orthopedic Clinic and Willis Knigh-ton Health Center were not reviewed. She also discusses her dissatisfaction with her care under Dr. Jones. Finally, Gilbert states that the relief sought is her indemnity benefits. Since Gilbert is representing herself, we will examine the record using the appropriate standard of review to determine if the WCJ was erroneous in denying her claim for medical treatment.
 

 |4In a workers’ compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard.
 
 Williams v. Wal-Mart Stores,
 
 2000-0863 (La.App. 4 Cir. 5/16/01), 787 So.2d 1134. Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the hearing officer.
 
 Harris v. Casino Magic,
 
 38,137 (La.App. 2d Cir.1/28/04), 865 So.2d 301. Unless shown to be clearly wrong, the trial court’s factual findings of work-related disability will not be disturbed where there is evidence which, upon the trier of fact’s reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings.
 
 Id.
 
 Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable infei’ences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
 
 Blanson v. GM Inland Fisher Guide,
 
 33,498 (La.App. 2 Cir. 6/23/00), 764 So.2d 307.
 

 In a workers’ compensation proceeding, the claimant bears the burden of demonstrating by a preponderance of the evidence that an employment accident resulted in disability.
 
 Blanson v. GM Inland Fisher Guide, supra.
 
 Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not.
 
 Key v. Insurance Company of North America,
 
 605 So.2d 675 (La.App. 2 Cir.1992).
 

 The causal connection can be established when the employee proves that before the accident he was in good health, but commencing with the |Baccident, symptoms of the disabling condition appeared, and there is sufficient medical evidence to show a reasonable possibility of causal connection between the accident and the disabling condition.
 
 Harris, supra.
 

 An employee’s preexisting disease or infirmity does not disqualify his workers’ compensation claim if the work-related injury either aggravated or combined with the disease or infirmity to produce the disability for which compensation is claimed.
 
 Lubom v. L.J. Earnest, Inc.,
 
 579 So.2d 1174 (La.App. 2 Cir.1991). When a claimant proves that before the accident he had not exhibited disabling symptoms, but that commencing with the accident, the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or eircumstan-
 
 *1153
 
 tial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, a claimant’s work injury is presumed to have aggravated, accelerated or combined with any preexisting disease or infirmity to produce his disability.
 
 Id.
 
 If the evidence is evenly balanced, or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation, then the claimant fails to carry his burden of proof.
 
 Id.
 

 After reviewing the Willis-Knigh-ton Health System choice of physician form, the WCJ determined that Gilbert’s choice of orthopedic specialist was Dr. Lewis Jones. On that form, which was signed by Gilbert, she only listed “back” as the injury suffered. The WCJ did not err in determining that Dr. Jones was Gilbert’s choice of physician and that she was not entitled to a second choice.
 

 |fiDr. Jones’s records noted that Gilbert complained of soreness in the left side of her neck and shoulder. Gilbert informed Dr. Jones that she had been suffering from this soreness “off and on for a year or two.”
 

 Dr. Robert Holladay, who was Willis Knighton’s choice of orthopedic specialist, determined that her neck condition was unrelated to the June 27, 2003, work accident. His decision was based on Gilbert’s preexisting neck condition and the history provided to the physicians after the work accident.
 

 During trial, Gilbert admitted that she had carpal tunnel symptoms prior to the June 27, 2003, accident. She also confirmed that she had “symptoms in her shoulder” prior to the accident. Additionally, Gilbert has had some neck pain associated with her carpel tunnel symptoms. Gilbert stated that she did not stop working because of her medical condition. Rather, she stopped working because she was laid off and obtained several other jobs thereafter.
 

 After reviewing the record and testimony presented, we conclude that the WCJ did not err in determining that Gilbert’s alleged injuries were unrelated to the work accident that occurred on June 27, 2003. The WCJ reviewed all of the medical records presented, including those from LSU Orthopedic Clinic and Willis-Knighton Health Center. In fact, the WCJ relied heavily upon the medical records from LSU Orthopedic Clinic in making its determination:
 

 And the Court determines that based on the extensive testing done at LSU that this was a condition that you had prior to the accident.
 

 | /These records provide the evidence necessary to determine that Gilbert’s current condition is not related to the work-related accident. We affirm the WCJ’s ruling that dismissed Gilbert’s disputed claim for compensation.
 

 Finally, Gilbert’s claim for indemnity benefits has been fully adjudicated. See
 
 Gilbert v. Willis-Knighton Work Rare Clinic,
 
 43,320 (La.App. 2 Cir. 6/4/08) 986 So.2d 211. As stated above, this court determined that Gilbert’s claim for indemnity benefits concerning the June 27, 2003, accident had prescribed pursuant to La. R.S. 23:1209. Therefore, that judgment is final.
 

 CONCLUSION
 

 For the reasons discussed above, we affirm the WCJ’s judgment dismissing Gilbert’s disputed claim for compensation. Costs of this appeal are assessed against the appellant, Roslyn Gilbert.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Gilbert v. Willis-Knighton Work Kara Clinic,
 
 43,320 (La.App. 2 Cir. 6/4/08), 986 So.2d 211.