CHEHARDY, C.J.
In this workers' compensation proceeding, the claimant, Edward R. Scott, Jr., appeals the judgment sustaining the exception of prescription filed by his employer, the Jefferson Parish School Board ("School Board"). For the following reasons, we affirm.
Facts
On October 21, 2010, the claimant, a para-educator for the School Board, was injured when a student threw a metal object at him while the claimant was in the course and scope of his employment. On April 15, 2011, the School Board paid the claimant indemnity benefits for his total temporary disability for the period from February 1, 2011 through February 2, 2011.
On October 18, 2013, the claimant filed a Disputed Claim for Compensation against the School Board. On this form, Mr. Scott alleged only that "no wage benefits have been paid." On November 13, 2013, the School Board filed an exception of prescription asserting that any claim for wage benefits was prescribed. On February 5, 2014, the workers' compensation judge sustained the School Board's exception with respect to temporary total disability benefits, maintained the claimant's rights with respect to medical benefits, and dismissed the Disputed Claim for Compensation.
*1313 On August 25, 2017, the claimant filed his second Disputed Claim for Compensation alleging:
(a) no medical treatment had been authorized;
(b) medical treatment (procedure/prescription): "all denied;"
(c) choice of physician;
(d) disability status: "PTD;"
(e) refusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination.
On March 29, 2018, the School Board filed an exception of prescription with respect to any issues regarding claimant's disability, i.e., permanent total disability.
On April 28, 2018, after taking the matter under advisement, the judge sustained the School Board's exception with respect to Mr. Scott's claim of permanent total disability as a result of scarring after his accident. In its written reasons for judgment, the court found that, because the claimant's second filing was well outside of the time period allowed by La. R.S. 23:1209, the claimant had to prove a change in circumstances since the 2014 judgment to justify modification of that judgment. The court found that the claimant, however, did not present medical evidence of a change in circumstances that would warrant a modification and sustained the exception of prescription. Mr. Scott appeals that ruling.
Law and Discussion
On appeal, Mr. Scott contends that the trial court erred in sustaining the School Board's exception of prescription. Claimant contends that this disputed claim for compensation is not prescribed since his first disputed claim form was timely filed and this second claim is a "revival" of his first claim.
The Louisiana Workers' Compensation Act is to be liberally construed in favor of protecting workers from the economic burden of work-related injuries. Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La. 4/10/95), 652 So.2d 1323, 1325 (citing Lester v. Southern Casualty Ins. Co. , 466 So.2d 25 (La. 1985) ). The Louisiana Workers' Compensation Act provides that an employee who suffers a workplace injury is entitled to medical benefits, supplemental earnings benefits (SEB) when he or she becomes unable to earn 90 percent of his pre-injury wages, and/or temporary total benefits when he or she is unable to engage in any self-employment or occupation for wages. La. R.S. 23:1203 ; La. R.S. 23:1221(1)(a) ; La. R.S. 23:1221(3)(a).
It is well settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc. , 96-2840 (La. 7/1/97), 696 So.2d 551, 556. In applying the manifest error-clearly wrong standard, the appellate court must determine whether the factfinder's conclusion was reasonable, not whether the trier of fact was right or wrong. Id. (citing Stobart v. State, 617 So.2d 880, 882 (La. 1993) ). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Id.
The prescriptive period for a claim for workers' compensation indemnity benefits is set forth in La. R.S. 23:1209(A) as follows:
(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
*1314 (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
* * *
In sum, under La. R.S. 23:1209(A), workers' compensation claims for indemnity benefits are barred unless filed: 1) within one year from the date of the accident; 2) one year from the last compensation payment for total temporary or permanent disability or three years from the last payment of supplemental earnings benefits; or 3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident. Feyerabend v. Boomtown Casino , 08-807 (La. App. 5 Cir. 2/25/09), 9 So.3d 228, 230.
The party pleading prescription generally has the burden of proving it. Frazier v. Deltide Fishing and Rental Tool, Inc ., 03-53 (La. App. 5 Cir. 5/28/03), 848 So.2d 143, 146. However, when prescription is evident from the face of the pleadings, the claimant bears the burden of showing that the action has not prescribed. Id. ; Jonise v. Bologna Bros. , 01-3230 (La. 6/21/02), 820 So.2d 460, 464. In those cases, the claimant must prove that prescription was interrupted, suspended, or renounced. Bracken v. Payne & Keller Co., Inc ., 06-865 (La. App. 1 Cir. 9/5/07), 970 So.2d 582, 588.
The accident in this case occurred on October 21, 2010. The School Board admits that it made one indemnity payment for total temporary disability benefits to Mr. Scott on April 15, 2011. In cases such as this, where disability benefits have been paid, a claimant has one year from the date of the last payment to file his claim under La. R.S. 23:1209(A)(2). Because Mr. Scott did not file this disputed claim for compensation until August 25, 2017, the claim is prescribed on its face. Thus, Mr. Scott bears the burden of proving that prescription was interrupted, suspended, or renounced.
At the hearing on the exception and on appeal, Mr. Scott contends that he has received medical benefits since his accident. The law provides that payment of medical benefits does not interrupt prescription on a claim for indemnity benefits. Winford v. Conerly Corp ., 04-1278 (La. 3/11/05), 897 So.2d 560, 569 ; Gilbert v. Willis-Knighton Work Kare Clinic , 43,320 (La. App. 2 Cir. 6/4/08), 986 So.2d 211, 213. Thus, the payment of medical benefits does not interrupt prescription for Mr. Scott's claim for indemnity benefits.[1]
*1315 Further, Mr. Scott claims that the scarring from his accident has become a permanent partial disability since it has not decreased in appearance. Although Mr. Scott contends that his injury became disabling recently, the record contains only a medical report that indicates that Mr. Scott has reached maximum medical improvement, not that this is a "developing injury" under La. R.S. 23:1209(A)(3). More importantly, La. R.S. 23:1209(A)(3) provides that, in all cases, the proceedings for indemnity benefits must have begun within two years of the accident, which would have been no later than October 22, 2012.[2]
Here, faced with prescription, Mr. Scott seeks to "revive" his first Disputed Claim for Compensation by asking for a modification. That disputed claim, which sought wage benefits, was dismissed without an award; thus, there can be no "revival" of that petition and there exists no original petition to amend. Further, although La. R.S. 23:1310.8 allows a compensation award to be modified by either party because of change in disability, a modification may only be made after an award has been made. Madere v. W.S. Life Ins. Co. , 03-110 (La. App. 5 Cir. 4/29/03), 845 So.2d 1222, 1225. (Emphasis ours). In this case, there was no original award of indemnity benefits to Mr. Scott and, thus, there can be no modification of an award.
In applying the manifest error-clearly wrong standard to the factual findings of the trial court, we find that, based on the record before us, there was no error in the trial court's ruling sustaining the School Board's exception of prescription. Stobart, 617 So.2d at 882.
Decree
For the foregoing reasons, we affirm the trial court judgment sustaining the School Board's exception of prescription.
AFFIRMED.

We note that, in its Answer to the Disputed Claim for Compensation, the School Board admitted that it paid "full salary in lieu of benefits" to the claimant. Unearned wages specifically paid in lieu of compensation interrupt prescription, and if wages are paid in lieu of compensation, a claim for workers' compensation benefits must be filed within one year of such payment. Frazier , supra . Because the claim at issue is prescribed on its face, claimant had the burden of proving that his claim was filed within one year of the last wage payment made in lieu of compensation. Here, the claimant did not introduce evidence of those wage payments so he did not carry his burden of proving that his claim was not prescribed.

Although Mr. Scott argues that his October 18, 2013 disputed claim for compensation "began the proceedings," that claim was dismissed without an award on an exception of prescription. Therefore, we find no merit in that argument.